UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONALD EASTERLING,<br><br>Petitioner,<br><br>v.<br><br>JEFFREY CRUTHERS, et al.,<br><br>Respondents. | Civil Action No. 25-3075 (SDW)<br><br>OPINION |

**IT APPEARING THAT:**

1. On or about April 22, 2025, *pro se* Petitioner Donald Easterling, a convicted and sentenced state prisoner, submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"). (ECF No. 1). He also filed a motion to stay this Court's consideration of the Petition while he exhausts his state court remedies. (ECF No. 2).

2. This Court administratively terminated the Petition on April 25, 2025 as Petitioner had not paid the filing fee or submitted an *in forma pauperis* application. (ECF No. 4).

3. Petitioner has now paid the filing fee, so the Clerk will be ordered to reopen the proceedings.

4. Section 2254 states in relevant part that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

      5.      Petitioner states that he must exhaust four ineffective assistance of counsel claims. (ECF No. 2 at 4). He indicates that a second post-conviction relief ("PCR") petition is currently pending before the state courts. (*Id.* at 1).

      6.      This Court finds that there is good cause to stay the § 2254 proceedings. It would not be an efficient use of court resources to continue when Petitioner has active state court proceedings. The state courts' resolution of Petitioner's second PCR petition may impact the habeas proceedings, so it is better to allow the state courts to consider Petitioner's claims in the first instance.

      7.      Furthermore, there is no indication that Petitioner is engaging in intentionally dilatory litigation tactics as he is currently litigating his claims in state court. *See Rhines v. Weber*, 544 U.S. 269 (2005).

      8.      The Clerk will be ordered to administratively terminate the Petition. Administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of this order, it is not subject to the statute of limitations time bar if it was originally submitted timely. *See Houston v. Lack*, 487 U.S. 266 (1988) (prisoner mailbox rule); *Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a district court retains jurisdiction over, and can reopen, administratively closed cases).

      9.      Petitioner shall file a notice with this Court within 30 days of completing state court exhaustion. The notice shall consist of an amended petition containing all the grounds for relief petitioner wishes to present to this Court, as well as copies of any opinions and orders issued by the state courts concerning his second PCR petition.

10. An appropriate order follows.

_____
Hon. Susan D. Wigenton,
United States District Judge
Dated: June 13, 2025

3